UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
GALVESTON DIVISION

|  |  |
|---|---|
| SHERIFF BRAD COE, *et al.* ) | |
| ) | |
| Plaintiffs, ) | |
| v. ) | No. 3:21-cv-00168 |
| ) | |
| JOSEPH R. BIDEN, JR., *et al.* ) | |
| ) | |
| Defendants. ) | |

**CASE MANAGEMENT REPORT**

1. The parties met by telephone on September 15, 2021. Kris W. Kobach represented Plaintiffs and Brian C. Rosen-Shaud represented Defendants.

2. The first three cases below are also challenges to the Memoranda at issue in this case:

   a. *Texas, et al. v. Biden, et al.,* No. 21-40618 (5th Cir.); C.A. 6:21-cv-16 (S.D. Tex.).

   b. *Arizona v. DHS*, No. 21-16118 (9th Cir.); No. CV-21-00186-PHX-SRB (D. Ariz. June 30, 2021).

   c. *Florida v. United States, et al.*, No. 21-11715 (11th Cir.); C.A. No. 21-541 (M.D. Fla.).

   d. Plaintiffs contend that *Texas v. Biden*, No. 2:21-CV-00067-Z (N.D. Tex.) is also a related case (the court interpreted 8 U.S.C. 1225(b), which is also at issue in this case).

1

3. Defendants believe this case concerns two Memoranda issued by DHS and ICE that exercise the Executive's longstanding discretion in setting priorities for the enforcement of immigration laws. Plaintiffs maintain that the Memoranda and their implementation violate three sections of the INA, the Administrative Procedure Act ("APA"), and the Take Care Clause of the Constitution.

4. Defendants believe this Court lacks jurisdiction to consider Plaintiffs' claims because Plaintiffs lack standing to challenge the Memoranda. Plaintiffs maintain that they possess standing and, therefore, this Court has jurisdiction to consider Plaintiffs' claims. Defendants also believe that venue is inappropriate in this Court for the reasons identified in Defendants' motion to transfer venue. Plaintiffs maintain that venue is in this Court is proper and that the burden to transfer venue has not been met, for the reasons described in Plaintiffs' response to Defendants' motion.

5.
    a. Plaintiffs allege that this Court has federal question jurisdiction.
    b. Defendants disagree with Plaintiffs' allegation of jurisdiction for the reasons described in their opposition to Plaintiffs' motion for preliminary injunction.
    c. n/a

6. There is a pending motion to permit the joinder as Plaintiffs of Galveston County, Real County, and the sheriff of Real County. Plaintiffs anticipate that additional counties may seek to join over the course of the next month.

7. There are no anticipated interventions.

8. n/a

9. Initial disclosures have not been made yet. Defendants believe this case is exempt from the initial disclosure requirements of Rule 26(a) because it is an administrative record case. *See* Fed. R. Civ. P. 26(a)(1)(B). Plaintiffs, however, contend that several issues go beyond the APA, including the Take Care Clause claim and the statutory claims, which Plaintiffs believe may be brought independent of the APA. Plaintiffs anticipate calling two expert witnesses and five to eight fact witnesses. Plaintiffs will identify those witnesses at whatever date the Court deems appropriate. Defendants reserve their right to call witnesses should the court disagree with their record review arguments.

10. n/a

11. Discovery plan:

    a. Defendants believe that this is strictly an APA case and should be decided on the administrative record. Defendants will transmit the administrative record to Plaintiffs electronically. Plaintiffs maintain that several claims fall outside of the APA and that additional discovery outside of the administrative record will be necessary. Specifically, Plaintiffs will argue that ICE memoranda and CBP documents issued after February 18, 2021, provide important information about how the Memoranda are being implemented.

    b. To the extent that Plaintiffs request discovery outside of the administrative record, Plaintiffs are likely to move for such discovery under *Citizens to*

*Pres. Overton Park, Inc. v. Volpe*, 401 U.S. 402, 420 (1971). The Court should also resolve Defendants' jurisdictional objections in a motion to dismiss before ordering discovery. An additional threshold issue is related to Plaintiffs' pending motions to file under seal: Plaintiffs intend to request that the identity of their ICE employee witnesses be concealed from their superiors in order to protect them from retribution.

12. Plaintiffs intend to produce two expert witnesses. Defendants believe that experts are not necessary and would be inappropriate because this is an APA case. Defendants reserve their right to produce expert witnesses should the court disagree with their record review arguments.

13. The parties are uncertain. The date will depend on when the pending motion for preliminary injunction is ruled upon and whether discovery is limited to the administrative record.

14. Defendants' position is that to the extent that Plaintiffs request discovery outside of the administrative record, Plaintiffs must move for such discovery under *Citizens to Pres. Overton Park, Inc. v. Volpe*, 401 U.S. 402, 420 (1971) after reviewing the administrative record. Plaintiffs' position is that this is not strictly an APA case and that some discovery outside of the administrative record will be necessary because multiple documents and instructions have been issued internally in DHS (after the February 18 Memorandum) that detail how ICE and CBP officers are to conduct their duties in the wake of the Memoranda. Plaintiffs also believe that DHS is possession of statistical and case-specific information that shows how the

4

Memoranda have been implemented in practice. Plaintiffs believe that such discovery can be conducted relatively quickly. Given the complex issues presented, the many parties, and the possibility of competing expert witnesses, Defendants do not agree that discovery will necessarily be conducted relatively quickly.

15. No discovery has taken place to date.

16. The parties do not believe that a prompt settlement is possible.

17. The parties do not believe that alternative dispute resolution techniques are reasonably suitable for this case.

18. The parties do not consent to a trial before Judge Edison.

19. No jury trial has been requested.

20. Defendants believe that the case can be decided on the administrative record and a live presentation of evidence is unlikely to be necessary. Otherwise, if the testimony of live witnesses is permitted, the parties estimate that 40 hours may be necessary to present the evidence.

21. None of the pending motions need to be ruled on at the initial conference.

22. The following motions are pending: Plaintiffs' motion for preliminary injunction, Defendants' motion to transfer venue, Plaintiffs' motion for the joinder of additional parties, and Plaintiffs' two motions to file affidavits under seal.

23. n/a

24. Plaintiffs filed the Disclosure of Interested Parties on July 30, 2021. ECF No. 26.

Dated: September 15, 2021         Respectfully submitted,

BRIAN M. BOYNTON
Acting Assistant Attorney General

BRIGHAM J. BOWEN
Assistant Branch Director

 /s/ Brian Rosen-Shaud
BRIAN C. ROSEN-SHAUD
Attorney-in-charge
ME Bar No. 006018
ADAM D. KIRSCHNER
IL Bar. No. 6286601
Senior Trial Counsel
MICHAEL F. KNAPP
CA Bar No. 314104
KUNTAL CHOLERA
DC Bar No. 1031523
Trial Attorneys
United States Department of Justice
Civil Division, Federal Programs Branch
Tel: (202) 305-7667
Fax: (202) 616-8460
Email: Brian.C.Rosen-Shaud@usdoj.gov
       Adam.Kirschner@usdoj.gov
       Michael.F.Knapp@usdoj.gov
       Kuntal.Cholera@usdoj.gov

Mailing Address:
Post Office Box 883
Washington, D.C. 20044

Courier Address
1100 L Street NW
Washington, D.C. 20005

EREZ REUVENI
CA Bar No. 264124
Assistant Director
U.S. Department of Justice
Civil Division, Office of Immigration Litigation
P.O. Box 868, Ben Franklin Station
Washington, D.C. 20044
202-307-4293 (telephone)

Email: Erez.R.Reuveni@usdoj.gov

*Counsel for Defendants*

DANIEL DAVID HU
Assistant United States Attorney
Chief, Civil Division
State Bar No. 10131415
S.D. I.D. 7959
Southern District of Texas
1000 Louisiana, Suite 2300 Houston, TX 77002
Tel: (713) 567-9000
Fax: (713) 718-3300
Daniel.Hu@usdoj.gov

*Local Counsel*

*/s/ Kris W. Kobach*
KRIS W. KOBACH
KS Bar No. 17280
Alliance for Free Citizens
P.O. Box 155
Lecompton, KS 66050

*Counsel for Plaintiffs*

## CERTIFICATE OF SERVICE

I certify that a true and accurate copy of the foregoing document was filed electronically (via CM/ECF) on September 15, 2021.

*/s/ Brian Rosen-Shaud*
BRIAN C. ROSEN-SHAUD