IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
GALVESTON DIVISION

| | |
|---|---|
| SHERIFF BRAD COE, *et al.*, ) | |
| ) | |
| *Plaintiffs*, ) | |
| ) | Civil Action No. |
| v. ) | 3:21-CV-00168 |
| ) | |
| JOSEPH R. BIDEN, JR., *et al.*, ) | |
| ) | |
| *Defendants*. ) | |

_____

**PLAINTIFFS' MOTION TO RECONSIDER**

Plaintiff Texas sheriffs, Texas counties, and the Federal Police Foundation, ICE Officers Division, hereby file this Motion to Reconsider. In support of this Motion, Plaintiffs state the following.

On February 21, 2022, this Division of the Southern District of Texas issued a short order denying Plaintiff's Motion for Preliminary Injunctive Relief (Doc. 7) "[b]ecause this same issue is currently before the Fifth Circuit, *see Texas v. United States*, 14 F.4th 332, 335 (5th Cir.), *vacated*, 24 F.4th 407 (5th Cir. 2021)." Plaintiffs respectfully ask this Division to reconsider its order, in light of two factors of which this Division may be unaware.

**I.   The Victoria Division Held that the Issues in the Two Cases Differ Substantially.**

In July 2021, the Victoria Division of this Court was asked by Defendants to consolidate this case with *Texas v. United States*. The Victoria Division correctly observed that the statutory issues are different—specifically because 8 U.S.C. § 1225 is

1

*not* at issue in the *Texas v. United States* case. The Victoria Division also observed that Plaintiffs in the instant case are seeking significant relief that is not being requested in the *Texas v. United States* case, most notably the removal of certain aliens whose removal is required by law. The relevant section of the Victoria Division's ruling is as follows:

> In this case, the States challenge only the *detention* of certain aliens who are *presently inside* the United States. (Dkt. No. 1). By contrast, the plaintiffs in *Coe* challenge both the detention *and removal* decisions with respect to certain aliens, which includes those who are *attempting to enter* the United States. *Coe*, No. 3:21-cv-00168, Dkt. No. 1. Detention and removal are distinct areas of immigration law. *Compare* 8 U.S.C. §§ 1226(c), 1231(a)(2), *with* 8 U.S.C. §§ 1231(a)(1)(A), 1231(a)(5). Further, the detention and removal of aliens at different stages of the immigration process implicate different and complex statutes and procedures. *Compare* 8 U.S.C. § 1225, *with* 8 U.S.C. §§ 1226(c), 1231.
>
> In addition to the distinct areas of immigration law, the plaintiffs in each case also raise significant claims not raised by the plaintiffs in the other. In this case, the States assert a claim regarding purported Agreements they made with the Government. (Dkt. No. 1 at ¶¶ 122–25). This claim is not brought by the plaintiffs in *Coe*. Meanwhile, the *Coe* plaintiffs raise a claim under 8 U.S.C. § 1225. *Coe*, No. 3:21-cv-00168, Dkt. No. 1. This claim is not brought by the States here.(Dkt. No. 1).
>
> The cases are also markedly different because the *Coe* plaintiffs and the States seek different relief. Specifically, the *Coe* plaintiffs request the Court to enjoin the implementation or enforcement of only the February 18 Memorandum. Compare Coe, No. 3:21-cv-00168, Dkt. No. 1 at 30–32, with (Dkt. No. 1). The States, by contrast, seek an injunction as to *both* the February 18 and January 20 Memoranda. (Dkt. No. 1 at 28); (Dkt. No. 18 at 43). Additionally, the Coe plaintiffs seek declaratory relief under various statutes, including 28 U.S.C. §§ 2201,6 2202,7 whereas the States do not. *Compare Coe*, No. 3:21-cv-00168, Dkt. No. 1 at 30–32, *with* (Dkt. No. 1).
>
> Finally, the States and the *Coe* plaintiffs request injunctions with differing scopes. In this case, the States request the Court to compel agency action unlawfully withheld. (Dkt. No. 18 at 25). In *Coe*, the plaintiffs request a much broader injunction that reinstates detainers, compels the defendants to "fully comply with their statutory obligations," and requires the defendants to take custody of certain criminal aliens and certain illegal aliens whose detention or removal is required under certain laws "and who have been arrested by local law enforcement agencies for the commission or state crimes, when such law enforcement agencies seek to transfer

> custody of such aliens to ICE." *Coe*, No. 3:21-cv-00168, Dkt. No. 1 at 31–32.
>
> In light of the many differences in the legal issues implicated, claims raised, and relief sought between this case and *Coe*, the Court concludes the third factor [concerning common questions of law and fact] weighs against consolidation.

*Texas v. United States*, Case 6:21-cv-00016, Doc. 75, at 7-8 (July 26, 2021) (emphasis in original). Thus, the Southern District of Texas has already held that the issues presented and the relief sought in the two cases differ substantially.

Because the relief sought in the instant case—the removal of certain aliens compelled by federal law, and the reinstatement of detainers compelled by federal law—is not requested in *Texas v. United States*, Plaintiffs would be effectively denied their opportunity to seek that relief in a timely manner if this case were to be set aside while the other case proceeds though trial and then to the Fifth Circuit. That could take 6-9 months, and quite possibly longer. The injuries suffered by Plaintiff counties, as detailed in the affidavits supporting the Motion for Preliminary Injunctive Relief (Doc. 7) and Reply in support thereof (Doc. 40), continue to mount. Preliminary injunctive relief is needed in the interim.

**II.** ***Texas v. United States* is not Presently Before the Fifth Circuit.**

Although this Division is correct that the *Texas v. United States* case was previously before the Fifth Circuit, it may be unaware that the Fifth Circuit dismissed that appeal eleven days ago. On December 6, 2021, the Defendants in *Texas v. United States* filed an unopposed motion to dismiss the appeal in that case pursuant to Federal Rule of Appellate Procedure 42(b) (voluntary dismissal). The Plaintiffs consented to that motion.

3

The Fifth Circuit only recently granted that motion on February 11, 2022, likely because the parties agreed to "voluntary" dismissal pursuant to FRAP 42(b).  *See Texas v. United States* (5th Cir. Feb. 11, 2022), attached.  The Victoria Division is presiding over the trial in *Texas v. United States* at the time of this filing.  Thus, there is no case before the Fifth Circuit on which a decision might bind this Court in issuing a ruling on Plaintiffs' Motion for Preliminary Injunctive Relief.

In the interest of brevity, Plaintiffs will not reiterate the many pages of argument supporting a preliminary injunction found in Plaintiffs' Motion for Preliminary Injunctive Relief (Doc. 7) and Reply in support thereof (Doc. 40).  Nor will Plaintiffs repeat herein the answers to Defendants' mootness and other jurisdictional challenges, which are found in Plaintiffs' Response to Defendants' Motion to Dismiss (Doc. 66).  Plaintiffs incorporate those briefs by reference in support of this Motion to Reconsider.

WHEREFORE, in light of the fact that the statutory claims and the relief sought in the two cases differ significantly, and there is no relevant case currently before the Fifth Circuit, Plaintiffs respectfully request that the Court reconsider Plaintiffs' Motion for Preliminary Injunctive Relief.

Dated:  February 22, 2022    By: s/ Kris W. Kobach
                                                        **Kris W. Kobach** (*Attorney-in-charge*)
                                                        Kansas Bar No. 17280, admitted *pro hac vice*
                                                        Alliance for Free Citizens
                                                        P.O. Box 155
                                                        Lecompton, Kansas 66050
                                                        Telephone:  913-638-5567
                                                        kkobach@gmail.com

**Brent P. Smith**
Texas Bar No. 24080722, admitted *pro hac vice*
County Attorney, Kinney County, Texas
P.O. Box 365
Brackettville, Texas 78832
Telephone: 830-563-2240
bsmith@co.kinney.tx.us

**Christopher J. Hajec**
D.C. Bar No. 492551, admitted *pro hac vice*
Immigration Reform Law Institute
25 Massachusetts Avenue, N.W.
Suite 335
Washington, D.C. 20001
Telephone:  202-323-5590
info@irli.org

**Kimberly Kreider-Dusek**
Texas Bar No. 50511919
County Attorney, McMullen County, Texas
P.O. Box 237
Tilden, Texas 78072
kimberly.dusek@mcmullencounty.org

**Douglas Poole**
Texas Bar. No. 16115600
S.D. Texas Bar. No. 619
McLeod, Alexander, Powel, & Apffel, P.C.
802 Rosenberg
Galveston, Texas 77553
Telephone:  409-763-2481
dwpoole@mapalaw.com

*Attorneys for Plaintiffs*

## **CERTIFICATE OF CONFERENCE**

I hereby certify that on February 22, 2022, I conferred with Defendants who represent that they are opposed to this motion.

/s Kris W. Kobach
KRIS W. KOBACH

## **CERTIFICATE OF SERVICE**

I hereby certify that this Motion for Leave to File Affidavit Under Seal was filed electronically and served on Defendants via the Court's CM/ECF system on this 22nd day of February, 2022.

/s Kris W. Kobach
KRIS W. KOBACH