Case 3:21-cv-00168   Document 80   Filed on 03/22/22 in TXSD   Page 1 of 4

United States District Court
Southern District of Texas
**ENTERED**
March 22, 2022
Nathan Ochsner, Clerk

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
GALVESTON DIVISION

| | |
|---|---|
| BRAD COE, *et al.*,, § § *Plaintiffs*, § VS. § JOSEPH R. BIDEN, JR., *et al.*, § § *Defendants*. § | CIVIL ACTION NO. 3:21-CV-168 |

# **ORDER**

Before the court is the defendants' motion to transfer. Dkt. 32.

## **Background**

This case was filed on July 1, 2021. *See* Dkt. 1. The court stayed it on July 14 while Judge Drew Tipton considered a motion to consolidate in a similar case in the Victoria Division. *See* Dkt. 14. Judge Tipton denied that motion and the court lifted the stay on July 29. Dkt. 23. On October 8, the plaintiffs filed an amended complaint that added plaintiffs Galveston County, Real County, and Real County Sheriff Nathan Johnson. Dkt. 59.

Meanwhile, on August 12 the defendants had moved to transfer the case to either the Western District of Texas or the Laredo or Corpus Christi Division of the Southern District of Texas. Dkt. 32 at 1–2.

## Legal Standard

A party seeking to transfer venue must show that "the transferee venue is clearly more convenient." *In re Volkswagen of Am., Inc.*, 545 F.3d 304, 315 (5th Cir. 2008). "The determination of 'convenience' turns on a number of private and public interest factors, none of which are given dispositive weight." *In re Volkswagen AG*, 371 F.3d 201, 203 (5th Cir. 2004) (citing *Piper Aircraft Co. v. Reyno*, 454 U.S. 235, 241 (1981)). The private factors include: "(1) the relative ease of access to sources of proof; (2) the availability of compulsory process to secure the attendance of witnesses; (3) the cost of attendance for willing witnesses; and (4) all other practical problems that make trial of a case easy, expeditious and inexpensive." *Id.* The public factors include: "(1) the administrative difficulties flowing from court congestion; (2) the local interest in having localized interests decided at home; (3) the familiarity of the forum with the law that will govern the case; and (4) the avoidance of unnecessary problems of conflict of laws of the application of foreign law." *Id.*

It is the movants' burden to show that the proposed alternative forum is more convenient based on the above-listed factors. *In re Volkswagen of Am., Inc.*, 545 F.3d at 315. Here, the defendants argue that "'the relative ease of access to sources of proof' and 'the availability of compulsory process to

secure the attendance of witnesses' counsel in favor of a transfer away from this Division." Dkt. 32 at 10 (quoting *In re Volkswagen of Am., Inc.*, 545 F.3d at 316). They also argue under 28 U.S.C. § 1406 that venue is improper in the Southern District of Texas. *See id.* at 11. But they have shown neither that venue is improper nor that the application of the *Volkswagen* factors favors transfer.

## Improper Venue

The defendants argue that the court should transfer this action to the Western District of Texas under 28 U.S.C. § 1406(a) because, as none of the plaintiffs located within the Southern District of Texas have standing, this district is an improper venue. Dkt. 32 at 11. In *Lujan v. Defenders of Wildlife*, the Supreme Court held that "[a]t the pleading stage, general factual allegations of injury resulting from the defendant's conduct may suffice" to show standing. 504 U.S. 555, 561 (1992). As all the plaintiffs, including those located in this district, have made sufficient factual allegations to establish standing at this stage of the litigation, transfer under § 1406 is not warranted.

## *Volkswagen* Factors

In setting forth their argument for transfer, the defendants do not address the *Volkswagen* factors one by one. Instead, they address the private factors all together, Dkt. 32 at 5–10, and offer no argument at all concerning

the public factors. Moreover, their argument regarding the private factors fails for lack of specificity. They neither identify a single key witness by name, willing or unwilling, who resides in the Western District of Texas nor outline the substance of any such witness's testimony. *See McGinnis v. Eli Lilly & Co.*, 181 F. Supp. 2d 684, 688 (S.D. Tex. 2002) ("At an absolute minimum, Defendants must identify key witnesses and provide a brief summary of their likely testimony. . . ."). Without such specificity, the court is unable to properly weigh the factors to determine which venue is more convenient.

The plaintiffs, by contrast, argue all eight factors individually and contend that each is either neutral or weighs in favor of keeping the case where it was filed. Dkt. 45 at 5–14.

The defendants bear the burden to show good cause for transfer by demonstrating that the transferee venue is "clearly more convenient" than the venue chosen by the plaintiffs. *In re Volkswagen of Am., Inc.*, 545 F.3d at 315. Otherwise, "the plaintiff[s'] choice should be respected." *Id.* Because the defendants have not satisfied their burden, the motion is denied.

Signed on Galveston Island this 22nd day of March, 2022.

_____
JEFFREY VINCENT BROWN
UNITED STATES DISTRICT JUDGE