# IN THE UNITED STATES DISTRICT COURT
## FOR THE SOUTHERN DISTRICT OF TEXAS
## GALVESTON DIVISION

| | |
|---|---|
| SHERIFF BRAD COE, *et al.*, ) | |
| ) | |
| *Plaintiffs*, ) | |
| ) | Civil Action No. |
| v. ) | 3:21-CV-00168 |
| ) | |
| JOSEPH R. BIDEN, JR., *et al.*, ) | |
| ) | |
| *Defendants*. ) | |

_____

## PLAINTIFFS' NOTICE OF SUPPLEMENTAL AUTHORITY

Plaintiffs hereby notify the Court of supplemental authority regarding the pending Plaintiffs' Motion to Reconsider (Doc. 75) and Defendants' Motion to Dismiss (Doc. 62). On June 10, 2022, the Victoria Division of the United States District Court for the Southern District of Texas rendered a final decision in a case that overlaps with respect to some, but not all, of the issues in this case. *See Texas v. United States*, No. 6:21-CV-00016, 2022 U.S. Dist. LEXIS 104521, at *85 (S.D. Tex. June 10, 2022), attached. The decision of the Victoria Division is controlling with respect to the overlapping issues in the instant matter.

In *Texas v. United States*, the plaintiff states challenged the legality of the same Department of Homeland Security September 30, 2021, Memorandum at issue in this case. The plaintiff states brought essentially the same statutory claims that the Memorandum violates (1) the mandatory detention requirement of 8 U.S.C. § 1226(c) and (2) the mandatory detention requirements of 8 U.S.C. § 1231. However, they did not

1

bring the 8 U.S.C. § 1231 mandatory removal claim or the 8 U.S.C. § 1225 mandatory detention and removal claims that are presented in this case.  The Victoria Division held: "The Final Memorandum flatly contradicts the detention mandates under Sections 1226(c) and 1231(a)(2).  It replaces those statutes by conferring discretion to independently decide who will be detained and when—if ever.  And it clearly provides that a conviction alone cannot be the basis for placing an alien in removal proceedings.  This plainly contradicts the language of the statutes…."  *Texas v. United States*, Civil Action No. 6:21-CV-00016, 2022 U.S. Dist. LEXIS 104521, at *85 (S.D. Tex. June 10, 2022).  This holding addresses the core question regarding those two statutory sections that is presented in this case.  The remaining section at issue in this case (8 U.S.C. § 1225) contains similar mandatory language.

The Vitoria Division vacated the Memorandum "as arbitrary and capricious, contrary to law, and failing to observe procedure under the Administrative Procedure Act."  *Id*. at *118. The Victoria Division did not address the forms of injunctive relief requested in the instant case that were not requested in that case.

Dated:  June 21, 2022         By:  s/ Kris W. Kobach
                              **Kris W. Kobach** (*Attorney-in-charge*)
                              Kansas Bar No. 17280, admitted *pro hac vice*
                              Alliance for Free Citizens
                              P.O. Box 155
                              Lecompton, Kansas 66050
                              Telephone:  913-638-5567
                              kkobach@gmail.com

**Brent P. Smith**
Texas Bar No. 24080722, admitted *pro hac vice*
County Attorney, Kinney County, Texas
P.O. Box 365
Brackettville, Texas 78832
Telephone: 830-563-2240
bsmith@co.kinney.tx.us

**Christopher J. Hajec**
D.C. Bar No. 492551, admitted *pro hac vice*
Immigration Reform Law Institute
25 Massachusetts Avenue, N.W.
Suite 335
Washington, D.C. 20001
Telephone:  202-323-5590
info@irli.org

**Kimberly Kreider-Dusek**
Texas Bar No. 50511919
County Attorney, McMullen County, Texas
P.O. Box 237
Tilden, Texas 78072
kimberly.dusek@mcmullencounty.org

**Douglas Poole**
Texas Bar. No. 16115600
S.D. Texas Bar. No. 619
McLeod, Alexander, Powel, & Apffel, P.C.
802 Rosenberg
Galveston, Texas 77553
Telephone:  409-763-2481
dwpoole@mapalaw.com

*Attorneys for Plaintiffs*

## **CERTIFICATE OF SERVICE**

I hereby certify that the foregoing document was filed electronically and served on Defendants via the Court's CM/ECF system on this 21st day of June, 2022.

/s Kris W. Kobach
KRIS W. KOBACH
