UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
GALVESTON DIVISION

| | |
|---|---|
| SHERIFF BRAD COE, *et al.* ) | |
| Plaintiffs, ) | |
| v. ) | No. 3:21-cv-00168 |
| JOSEPH R. BIDEN, JR., *et al.* ) | |
| Defendants. ) | |

**DEFENDANTS' OPPOSITION TO PLAINTIFFS' MOTION FOR LEAVE TO FILE THIRD AMENDED COMPLAINT AND RESPONSE TO PLAINTIFFS' RESPONSE TO ORDER TO SHOW CAUSE**

This long-pending case concerns Plaintiffs' challenge to DHS's civil immigration enforcement guidance (the "Guidance," ECF 58-1). Plaintiffs seek leave to file a *fourth* complaint after unduly allowing the case to remain idle for over fourteen months. Plaintiffs' proposed amendment is futile because the Supreme Court rejected the claim that the Guidance relates to detention decisions. For both reasons, the Court should deny Plaintiffs' motion for leave to file yet another amended complaint, ECF No. 103 ("Pls.' Mot").

**I. AMENDMENT WOULD BE FUTILE.**

The Court should deny Plaintiffs' motion because the Supreme Court rejected the claim that the Guidance violates the INA's detention requirements in *United States v. Texas*, 599 U.S. 670, 683 (2023). A "plaintiff will not be significantly injured by the denial of a clearly meritless claim," therefore "it is within the district court's discretion to deny

1

the amendment as futile." *Wilson v. Burks-Klockner, Inc.*, 602 F.3d 363, 368 (5th Cir. 2010) (citation omitted). The standard for futility is akin to the standard for dismissal under Rule 12(b)(6). *Id.*[1]

Plaintiffs request "relief against the unlawful and unconstitutional Guidelines," Proposed Third Am. Compl. ¶ 33, ECF No. 103-1 ("Proposed TAC"); *see also* Sec. Am. Comp. ¶ 30, ECF No. 59 (similar), on the theory that the Guidance "is contrary to the statutory detention mandate," Pls.' Mot. at 7. This claim fails because the Guidance does not govern detention decisions. The Guidance itself says so: "This memorandum provides guidance for the apprehension and removal of noncitizens." Guidance at 1. And the Supreme Court said so: the Guidance "do[es] not affect continued detention of noncitizens already in federal custody." *Texas*, 599 U.S. at 683 n.5.

The Supreme Court's determination binds this Court and forecloses Plaintiffs' detention-related challenge to the Guidance.[2] In deciding that the Guidance does not relate to detention determinations, the Supreme Court rejected the State plaintiffs' claims that the government had failed to detain noncitizens in violation of the INA. Plaintiffs' assertion

---

[1] If the Court grants leave to amend over Defendants' objection, Defendants will seek dismissal on the grounds outlined below as well as other, additional jurisdictional and merits-based grounds. *Cf.* Defs.' Mot. to Dismiss, ECF No. 62.

[2] And contrary to Plaintiffs' suggestion, Pls.' Mot. at 5, 7, the Supreme Court did not decide that detention-related challenges fall within federal courts' jurisdiction. The Court merely allowed that these claims "*arguably might* raise a different standing question than arrest or prosecution policies." *Texas*, 599 U.S. at 683 (emphasis added). But for many of the same reasons, and as Defendants will further elaborate in a motion to dismiss if the Court permits Plaintiffs to again amend, Plaintiffs lack standing to challenge a hypothetical detention policy as well. The Court need not reach this issue, however, given the Supreme Court's clear statement that the Guidance does not relate to detention decisions. *Id.* at 683 n.5.

2

that the State plaintiffs in *Texas* did not make a mandatory-detention argument, Pls.' Mot. at 6, is wrong. Texas and Louisiana argued that "[l]ike [detention under] section 1226, detention under section 1231 is mandatory" and that the government's exercise of discretion "has resulted in the release of aliens subject to removal orders." Brief for Appellees at 26, *United States v. Texas*, No. 22-58 (Oct. 18, 2022). The Solicitor General corrected the record. Brief for Petitioners at 24, *United States v. Texas*, No. 22-58 (Sept. 12, 2022). The Supreme Court sided with the United States, and there is no room for Plaintiffs to wiggle out of the Supreme Court's clear holding that bars challenges to the Guidance. *Texas*, 599 U.S. at 681.

This case, and Plaintiffs' motion and their proposed third amended complaint, target the Guidance. But as the government has long maintained, as the document itself makes clear, and as the Supreme Court has now conclusively resolved, the Guidance does not address detention. To the extent that Plaintiffs might identify some new target, other than the Guidance, for their mandatory detention theories, the Court should still deny leave to amend. To permit amendment to challenge a completely different policy would be to allow Plaintiffs to "plead[] a fundamentally different case." *Mayeaux v. La. Health Serv. & Indem. Co.*, 376 F.3d 420, 427 (5th Cir. 2004) (emphasis omitted) (affirming district court's denial of leave to amend complaint).

Because the Supreme Court has conclusively rejected the factual premise underlying Plaintiffs' proposed third amended complaint, this Court should deny leave to amend as futile.

## II. PLAINTIFFS UNDULY DELAYED THIS CASE, SO THE COURT SHOULD DENY PLAINTIFFS A FOURTH BITE AT THE APPLE.

Alternatively, the Court can and should deny Plaintiffs' motion for leave to file a third amended complaint because Plaintiffs have unduly delayed this litigation. The decision to deny leave to amend a complaint "is left to the sound discretion of the district court and will only be reversed on appeal when that discretion has been abused." *United States ex rel. Willard v. Humana Health Plan of Tex., Inc.*, 336 F.3d 375, 387 (5th Cir. 2003). Valid reasons for denying leave to amend include "undue delay, bad faith or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed [and] undue prejudice to the opposing party by virtue of allowance of the amendment[.]" *Id.* at 386 (quoting *Foman v. Davis*, 371 U.S. 178, 182 (1962)).

The Guidance at issue in this case was also challenged in this District by two State plaintiffs. *See Texas v. United States*, No. 6:21-cv-16 (S.D. Tex.). After the *Texas* district court issued an order vacating the Guidance, this Court held a status conference to address how this case should proceed. Notice of Setting, ECF No. 89. Defendants suggested that this case be stayed pending appellate review in *Texas*. Tr. 8:21-9:9 (July 14, 2022), ECF No. 91. Although this Court issued an open-ended stay (and invited the parties to "come back to me when you think we need to get things underway again," *id.* at 11:19-20), Plaintiffs believed that a stay was appropriate only until the Supreme Court ruled on the government's then-pending motion to stay the *Texas* district court's vacatur pending appeal, *id.* at 10:4-24.

But when the Supreme Court denied that stay motion on July 21, 2022—when Plaintiffs thought that "the issues will be clear enough for [this] Court to go ahead and rule," *id.* at 10:18-21—Plaintiffs did nothing to advance this litigation. Instead, perhaps recognizing that the outcome in *Texas* would be dispositive of this litigation, Plaintiffs sought to intervene in the *Texas* Supreme Court case shortly before oral argument. Motion for Leave to Intervene, *United States v. Texas*, No. 22-58 (Oct. 24, 2022). Plaintiffs believed that it was necessary to resolve the different claims at issue in this case and claimed that intervention was necessary to protect Plaintiffs' interests. *Id.* at 8. In opposition, and after noting that Plaintiffs had unduly delayed filing their intervention motion, the government observed that Plaintiffs were free to return to this Court to seek to lift the stay. Response in Opposition at 3, 6, *United States v. Texas*, No. 22-58 (Nov. 3, 2022) ("If movants have changed their view about the propriety of the *Coe* district court's stay, they should seek relief in that court.") The Supreme Court denied Plaintiffs' intervention motion and Plaintiffs took no further action.

On June 23, 2023, the Supreme Court held that federal courts lack jurisdiction to hear challenges to the Guidance. *Texas*, 599 U.S. at 681. Plaintiffs took no action in response. Indeed, for almost four more months, Plaintiffs sat on their hands, even after undersigned counsel contacted Plaintiffs' counsel on June 26, 2023, and again on July 24, 2023, to inquire about Plaintiffs' plans and suggest that Plaintiffs dismiss their challenge. Defs.' Mot. to Lift Stay & Req. for Order to Show Cause, ECF No. 99. The case only restarted on October 11, 2023, after *Defendants* asked this Court to lift the stay.

This case began approximately twenty-eight months ago. Plaintiffs ignored district court proceedings for half of that time, from July 22, 2022, through October 11, 2023, despite their stated view that the litigation should resume after the Supreme Court's denial of the government's stay motion on July 21, 2022, and despite their subsequent failure to intervene in the Supreme Court. That delay was unwarranted. The Court should deny Plaintiffs' request to file a fourth complaint.

Moreover, the government would be prejudiced by allowing Plaintiffs to amend their complaint so late in the game. The Supreme Court held that the *Texas* district court lacked jurisdiction to vacate the Guidance, and the Department has at last been able to implement the Secretary's immigration enforcement priorities set out two years ago. *Cf.* 6 U.S.C. § 202(5) ("The Secretary shall be responsible for . . . [e]stablishing national immigration enforcement policies and priorities."). To belatedly cast doubt, yet again, on those priorities would inject uncertainty into the delicate and difficult work of enforcing immigration laws even after the Supreme Court has definitively rejected the possibility of a challenge to those priorities. *See supra* section I (describing futility of proposed amendment). Plaintiffs' tactic of waiting to see if other parties could achieve their desired result and then trying to shoehorn their case into (mis)perceived gaps in the Supreme Court's decision invites whack-a-mole serial litigation and deprives Defendants of the certainty and finality of the Supreme Court's decision in their favor.

The Court should deny Plaintiffs' request to file a fourth complaint.

6

Dated: December 1, 2023

Respectfully submitted,

BRIAN M. BOYNTON
Principal Deputy Assistant Attorney General

BRIGHAM J. BOWEN
Assistant Branch Director

 /s/ Brian Rosen-Shaud
BRIAN C. ROSEN-SHAUD
Attorney-in-charge
ME Bar No. 006018
MICHAEL F. KNAPP
CA Bar No. 314104
KUNTAL CHOLERA
DC Bar No. 1031523
Trial Attorneys
United States Department of Justice
Civil Division, Federal Programs Branch
Tel: (202) 305-7667
Fax: (202) 616-8460
Email: Brian.C.Rosen-Shaud@usdoj.gov
   Michael.F.Knapp@usdoj.gov
   Kuntal.Cholera@usdoj.gov

Mailing Address:
Post Office Box 883
Washington, D.C. 20044

Courier Address
1100 L Street NW
Washington, D.C. 20005

EREZ REUVENI
CA Bar No. 264124
Assistant Director
U.S. Department of Justice
Civil Division, Office of Immigration Litigation
P.O. Box 868, Ben Franklin Station
Washington, D.C. 20044
202-307-4293 (telephone)
Email: Erez.R.Reuveni@usdoj.gov

*Counsel for Defendants*

7

DANIEL DAVID HU
Assistant United States Attorney
Chief, Civil Division
State Bar No. 10131415
S.D. I.D. 7959
Southern District of Texas
1000 Louisiana, Suite 2300 Houston, TX 77002
Tel: (713) 567-9000
Fax: (713) 718-3300
Daniel.Hu@usdoj.gov

*Local Counsel*

## CERTIFICATE OF SERVICE

I certify that a true and accurate copy of the foregoing document was filed electronically (via CM/ECF) on December 1, 2023.

*/s/ Brian Rosen-Shaud*
BRIAN C. ROSEN-SHAUD
