UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
GALVESTON DIVISION

| | |
|---|---|
| SHERIFF BRAD COE, *et al.* <br><br> Plaintiffs, <br><br> v. <br><br> JOSEPH R. BIDEN, JR., *et al.* <br><br> Defendants. | No. 3:21-cv-00168 |

**DEFENDANTS' REPLY IN SUPPORT OF THEIR MOTION TO DISMISS THE THIRD AMENDED COMPLAINT**

The Supreme Court explicitly stated that the Guidance at issue in this case does not apply to detention decisions. The Department of Homeland Security now reiterates that the Guidance does not apply to detention decisions. Plaintiffs, for their part, identify no basis for their assertion that the Guidance *does* apply to detention decisions. Thus, *United States v. Texas*, 599 U.S. 670, 683 (2023), forecloses Plaintiffs' claims. In any event, Plaintiffs have failed to show that their claims are "traditionally thought to be capable of resolution through the judicial process." *Id.* at 676 (quoting *Raines v. Byrd*, 521 U.S. 811, 819 (1997)). The Court should dismiss the Third Amended Complaint.

**I.     The Supreme Court Rejected Plaintiffs' Understanding Of The Guidance.**

The Supreme Court has already determined that the Guidance does not govern DHS's detention determinations. Defs.' Mot. to Dismiss Third Am. Compl. at 2-3, ECF No. 107 ("Defs.' Mot."); *see also Texas*, 599 U.S. at 683 (the Guidance is not "a detention policy"). Plaintiffs' effort to distinguish *Texas* is based on two incorrect premises. Pls.'

1

Response in Opp. to Defs.' Mot. to Dismiss Third Am. Compl. at 1-4, ECF No. 108 ("Pls.' Opp."). First, Plaintiffs are wrong to say that the *Texas* plaintiffs only challenged DHS's failure to arrest and remove noncitizens. *Contra* Pls.' Opp. at 1. At every step of that litigation, the *Texas* plaintiffs focused on DHS's alleged failure to detain noncitizens, in addition to the government's alleged failure to arrest and remove them. Count II of the *Texas* plaintiffs' operative complaint alleged that the Guidance "violate[s] the statutory requirement that Defendants 'shall detain' aliens '[d]uring the removal period.' 8 U.S.C. § 1231(a)(2)." First Am. Compl. ¶ 119, *Texas v. United States*, No. 21-cv-16, ECF No. 109 (S.D. Tex. Oct. 22, 2021). The *Texas* plaintiffs' preliminary injunction motion argued that "Defendants' failure to detain criminal aliens violates Section 1226(c)," Mot. for Prelim. Inj. at 24, *Texas v. United States*, No. 21-cv-16, ECF No. 111 (S.D. Tex. Oct. 22, 2021), and "Defendants' failure to detain aliens with final orders of removal violates Section 1231(a)(2)," *id.* at 31. In its memorandum opinion vacating the Guidance, the *Texas* district court explained that "[t]he States of Texas and Louisiana say [the Guidance] conflicts with detention mandates under federal law." *Texas v. United States*, 606 F. Supp. 3d 437, 449 (S.D. Tex. 2022). The *Texas* district court ultimately concluded that "[s]tatutory interpretation, precedent, and more demonstrate that Sections 1226(c) and 1231(a)(2) impose mandatory duties to detain." *Id.* at 475. The Fifth Circuit denied the government's request to stay the district court's vacatur pending appeal because, in part, the court held that Sections 1226(c) and 1231(a) "require mandatory detention." *Texas v. United States*, 40 F.4th 205, 225 (5th Cir. 2022); *see also id.* at 215 (describing the *Texas* plaintiffs' claim that the Guidance "prohibits these statutorily mandated detentions"). And the *Texas*

2

plaintiffs' merits brief at the Supreme Court argued that, "[l]ike [detention under] section 1226, detention under section 1231 is mandatory," and that the government's exercise of discretion under the Guidance "has resulted in the release of aliens subject to removal orders." Br. for Resp'ts at 26, *United States v. Texas*, No. 22-58 (Oct. 18, 2022). When the Supreme Court held that the *Texas* plaintiffs' claims were not justiciable, the Court rejected all of the plaintiffs' claims, including those related to detention. *Texas*, 599 U.S. at 686.

Second, Plaintiffs are wrong that the Guidance implicates detention decisions. *Contra* Pls.' Opp. at 2-3. As the Guidance reflects, as the government has long maintained, as the Supreme Court directly determined, and as DHS *again* acknowledges in this filing,[1] the Guidance does not affect detention determinations, which are made when a noncitizen is in DHS custody after being arrested.[2] The Guidance only governs arrest determinations and decisions about whether to remove certain noncitizens. Plaintiffs appear to be the last to realize that no party can bring a detention-related claim against a policy that does not impact detention.[3]

---

[1] *See* Decl. of Daniel Bible, Deputy Executive Associate Director of Enforcement and Removal Operations, U.S. Immigration & Customs Enforcement, *United States v. Texas*, 21-cv-16, ECF No. 244-1 (S.D. Tex., June 13, 2022).

[2] The government's reference to noncitizens "already in federal custody" is not "circular," Pls.' Opp. at 2, because ICE officers make detention determinations after noncitizens are arrested and in DHS custody.

[3] Following the Supreme Court's decision in *Texas*, plaintiffs in related cases voluntarily dismissed their challenges to the Guidance. *See* Notice of Vol. Dismissal, *Alabama v. Mayorkas*, 4:22-cv-418, ECF No. 18, (N.D. Ala., June 30, 2023); Notice of Vol. Dismissal, *Arizona v. Biden*, 3:21-cv-314, ECF No. 68, (S.D. Ohio, June 27, 2023).

## II. Federal Courts Have Not Historically Resolved This Type Of Claim.

Even if the Guidance did affect detention, Plaintiffs' challenge to that element of the Guidance would not be justiciable. Under *Linda R.S. v. Richard D.*, Plaintiffs "lack[] a judicially cognizable interest in the prosecution ... of another." 410 U.S. 614, 619 (1973); *see* Defs.' Mot. at 4. Just last year, the Supreme Court described *Linda R.S.* as a "leading precedent" when it rejected a challenge to the Guidance, *Texas*, 599 U.S. at 677, but Plaintiffs fail to respond to Defendants' argument about *Linda R.S.* in their opposition. Nor do Plaintiffs engage with Defendants' argument that the constitutional tradition of separation of powers leaves the law enforcement prerogative to the Executive branch. *See* Defs.' Mot. at 4 (*citing, e.g.*, *Reno v. Am.-Arab Anti-Discrimination Comm.* ("*AADC*"), 525 U.S. 471, 483 (1999)).

In an attempt to show that the Court can entertain a claim seeking to enforce a detention provision, Plaintiffs cite to *Jennings v. Rodriguez*, 583 U.S. 281 (2018). *See* Pls.' Opp. at 5. In *Jennings*, the Supreme Court held that 8 U.S.C. § 1226(c) made detention "mandatory" while DHS determines whether to remove a noncitizen, and so the Court denied noncitizens' claims for bond hearings while they were held in DHS custody. *Jennings* does not stand for the proposition that the judiciary may manage how the Executive Branch enforces immigration law, because "the Court had no occasion to consider whether [Section 1225] subject[s] [DHS] to a judicially enforceable mandate." *Arizona v. Biden*, 40 F.4th 375, 392 (6th Cir. 2022) (reversing injunction against the Guidance to "preserve bedrock separation of powers"). The bottom line is that the Supreme Court has never, in *Jennings* or otherwise, held that a detention mandate in the INA is

enforceable against the government. And the most recent time the Court considered the question, it held that the dispute was beyond the reach of federal courts. *See Texas*, 599 U.S. at 683. Considering that history alongside *AADC* and *Linda R.S.*, this Court should conclude that Plaintiffs' have failed to prove that this dispute is of the type traditionally resolved by Article III courts and dismiss the operative complaint.[4]

### III. APA Challenges To DHS's Application Of Enforcement Priorities Are Precluded From Review.

An action cannot proceed under the APA when another statute precludes judicial review. 5 U.S.C. § 701(a)(1). As Justice Scalia observed, the "theme" of the 1996 amendments to the INA can "fairly be said" to be "protecting the Executive's discretion from the courts." *AADC*, 525 U.S. at 486. Congress has precluded Plaintiffs' frontal attack on the Executive's statutory and inherent discretion to set enforcement priorities for arrests and removals.

Plaintiffs make much of the fact that the preclusion provisions Defendants cite establish a limited means of review for noncitizens to seek review of removal orders. Pls.' Opp. at 6-7. But from this correct observation about the INA's statutory review scheme, 8 U.S.C. § 1252; *id.* § 1229, Plaintiffs draw the incorrect conclusion. *See* Defs.' Mot. at 5 (quoting *Block v. Cmty. Nutrition Inst.*, 467 U.S. 340, 345 (1984)). That review scheme—which identifies *who* can sue and *how* they may sue—is the exclusive means of judicial review and precludes statutory claims that do not fall within its parameters. *See, e.g.*, 8

---

[4] Plaintiffs' suggestion that their claim under Section 1225 calls only for "routine statutory interpretation," Pls.' Opp. at 4, would have equally applied to the *Texas* plaintiffs' contrary-to-law claims under Sections 1226 and 1231.

U.S.C. § 1252(a)(5) ("For purposes of this chapter, in every provision that limits or eliminates judicial review or jurisdiction to review, [those terms] include . . . review pursuant to any other provision of law (statutory or nonstatutory)"). Plaintiffs ignore *Block*'s teaching that "an inference of intent to preclude judicial review under the APA could be drawn when the relevant statute specifically grants the right of review to a particular class of persons not including the plaintiff." *Stockman v. Fed. Election Comm'n*, 138 F.3d 144, 154 (5th Cir. 1998). Here, Congress has established a carefully reticulated scheme for review by specific individuals at specific times in specific courts. *See generally* 8 U.S.C. §§ 1229, 1252; *cf. Block*, 467 U.S. at 349 (implicit preclusion when "a statute provides a detailed mechanism for judicial consideration of particular issues at the behest of particular persons").

This preclusion argument, particularly Defendants' reliance on *Block* and *Fausto*, is distinct from the preclusion argument in *Texas v. Biden*, 20 F.4th 928, 977 (5th Cir. 2021), *rev'd and remanded*, 597 U.S. 785 (2022). There, the Fifth Circuit considered whether a different statutory provision—Section 1252(a)(2)(B)—precluded district court jurisdiction, and the court concluded that that provision did not preclude review of the government's decision to terminate the Migrant Protection Protocols program from judicial review. *See id.* The Fifth Circuit recognized, however, that Section 1252(a)(2)(B) may still preclude district court jurisdiction with respect to case-by-case discretionary decisions. *See id.* Here, Defendants rely on the full "structure of the statutory scheme[ and] its objectives," *see Block*, 467 U.S. at 345, to conclude that Section 1252 precludes Plaintiffs' challenge to the Guidance. Defs.' Mot. at 5-7.

6

## CONCLUSION

For the reasons stated above and in Defendants' motion to dismiss, this Court lacks jurisdiction to hear the Third Amended Complaint. The Court should grant Defendants' motion.

Dated: January 17, 2024

Respectfully submitted,

BRIAN M. BOYNTON
Principal Deputy Assistant Attorney General

BRIGHAM J. BOWEN
Assistant Branch Director

*/s/ Brian Rosen-Shaud*
BRIAN C. ROSEN-SHAUD
Attorney-in-charge
ME Bar No. 006018
KUNTAL CHOLERA
DC Bar No. 1031523
Trial Attorneys
United States Department of Justice
Civil Division, Federal Programs Branch
Tel: (202) 305-7667
Fax: (202) 616-8460
Email: Brian.C.Rosen-Shaud@usdoj.gov
         Kuntal.Cholera@usdoj.gov

Mailing Address:
Post Office Box 883
Washington, D.C. 20044

Courier Address
1100 L Street NW
Washington, D.C. 20005

EREZ REUVENI
CA Bar No. 264124
Assistant Director
U.S. Department of Justice
Civil Division, Office of Immigration Litigation
P.O. Box 868, Ben Franklin Station

Washington, D.C. 20044
202-307-4293 (telephone)
Email: Erez.R.Reuveni@usdoj.gov

*Counsel for Defendants*


DANIEL DAVID HU
Assistant United States Attorney
Chief, Civil Division
State Bar No. 10131415
S.D. I.D. 7959
Southern District of Texas
1000 Louisiana, Suite 2300 Houston, TX 77002
Tel: (713) 567-9000
Fax: (713) 718-3300
Daniel.Hu@usdoj.gov

*Local Counsel*

8

## CERTIFICATE OF SERVICE

I certify that a true and accurate copy of the foregoing document was filed electronically (via CM/ECF) on January 17, 2024.

*/s/ Brian Rosen-Shaud*
BRIAN C. ROSEN-SHAUD