Case 3:21-cv-00168   Document 110   Filed on 01/29/24 in TXSD   Page 1 of 6

United States District Court
Southern District of Texas
**ENTERED**
January 29, 2024
Nathan Ochsner, Clerk

# In the United States District Court for the Southern District of Texas

## GALVESTON DIVISION

No. 3:21-cv-168

SHERIFF BRAD COE, *ET AL.*, PLAINTIFFS,

v.

JOSEPH R. BIDEN, JR., *ET AL.*, DEFENDANTS.

**MEMORANDUM OPINION AND ORDER**

JEFFREY VINCENT BROWN, *UNITED STATES DISTRICT JUDGE*:

The defendants have moved to dismiss the third amended complaint for lack of standing. Dkt. 107. Having considered the arguments and the applicable law, the court will grant the motion.

## I. Background

In September 2021, the Secretary of Homeland Security, Alejandro Mayorkas, issued new "Guidelines for the Enforcement of Civil Immigration Law." Dkt. 106 ¶ 7. The plaintiffs, a collection of Texas sheriffs and counties, contend the Guidelines wrongfully authorize the release of aliens who are already in custody, whereas federal law mandates the detention of such aliens. *Id.* ¶¶ 105–109.

The Supreme Court recently considered a challenge to the same Guidelines in *United States v. Texas*, 599 U.S. 670 (2023). Citing its "precedents and longstanding historical practice" of declining to entertain challenges to "the Executive Branch's exercise of enforcement discretion over whether to arrest or prosecute," the Court dismissed the states' challenge for lack of standing. *Id.* at 677–78.

The defendants in this case believe that "*Texas* controls here and should end this case." Dkt. 107 at 1. They have moved to dismiss for lack of standing. Dkt. 107.

## II. Legal Standard

A court should grant a motion to dismiss for lack of subject-matter jurisdiction if the court "lacks the statutory or constitutional power to adjudicate the case." *Home Builders Ass'n of Miss., Inc. v. City of Madison,* 143 F.3d 1006, 1010 (5th Cir. 1998). The party asserting jurisdiction bears the burden of proof. *Howery v. Allstate Ins. Co.*, 243 F.3d 912, 916 (5th Cir. 2001) (citation omitted). Federal courts have jurisdiction over a claim between parties only if the plaintiff presents an actual case or controversy. U.S. Const. art. III, § 2, cl. 1; *Okpalobi v. Foster*, 244 F.3d 405, 425 (5th Cir. 2001) (en banc). "The many doctrines that have fleshed out that 'actual controversy' requirement—standing, mootness, ripeness, political question,

and the like—are 'founded in concern about the proper—and properly limited—role of the courts in a democratic society.'" *Roark & Hardee LP v. City of Austin*, 522 F.3d 533, 541–42 (5th Cir. 2008) (quoting *Allen v. Wright*, 468 U.S. 737, 750 (1984)).

To test whether the party asserting jurisdiction has met its burden, a court may rely upon: "(1) the complaint alone; (2) the complaint supplemented by undisputed facts evidenced in the record; or (3) the complaint supplemented by undisputed facts plus the court's resolution of disputed facts." *Barrera–Montenegro v. United States*, 74 F.3d 657, 659 (5th Cir. 1996). When standing is challenged in a motion to dismiss, the court must "accept as true all material allegations of the complaint and . . . construe the complaint in favor of the complaining party." *Ass'n of Am. Physicians & Surgeons v. Tex. Med. Bd.*, 627 F.3d 547, 550 (5th Cir. 2010) (quotations omitted).

### III. Analysis

In *United States v. Texas*, the Supreme Court dismissed for lack of standing another challenge to the Guidelines, stating that "federal courts are generally not the proper forum for resolving claims that the Executive Branch should make more arrests or bring more prosecutions." 599 U.S. at 680. Nevertheless, the Court identified five possible exceptions to that

general notion. *Id.* at 681–83. In describing one of these exceptions, the Court stated that "policies governing the continued detention of noncitizens who have already been arrested arguably might raise a different standing question than arrest or prosecution policies." *Id.* at 683. But the Court did not address the issue because the case did "not concern a detention policy." *Id.*

The proper interpretation of this singular paragraph in the *Texas* opinion forms the crux of the parties' dispute now before the court. The plaintiffs contend the *Texas* case did "not concern a detention policy" because the *Texas* plaintiffs challenged the Guidelines' impact on arrest and removal alone, not on detention. Dkt. 108 at 4. Therefore, they believe the door is open for a new, narrower challenge to the Guidelines. The defendants, on the other hand, maintain that the Supreme Court "concluded that the [Guidelines] simply *do*[] *not affect detention decisions*." Dkt. 107 at 1. If that's the case, the defendants essentially argue, then no challenge to the Guidelines on how they affect detention can give rise to the supposedly applicable exception. A review of the record in *Texas*, and a plain reading of the opinion, confirms the defendants' position.

To begin, the *Texas* plaintiffs quite clearly challenged the Guidelines' impact on detention decisions. They alleged that the Guidelines "violate the

statutory requirement that Defendants 'shall detain' aliens '[d]uring the removal period.'" First Amended Complaint ¶ 119, *Texas v. United States,* No. 21-cv-16, ECF No. 109 (S.D. Tex. Oct. 22, 2021). And, in an opinion vacating the Guidelines in *Texas*, Judge Drew Tipton of this court made clear that "[t]he States of Texas and Louisiana say [the Guidelines] conflict[] with detention mandates under federal law." *Texas v. United States*, 606 F. Supp. 3d 437, 449 (S.D. Tex. 2022). The issue of detention was also squarely presented in the *Texas* plaintiffs' merits brief before the Supreme Court. Brief for Respondents at 26, *Texas,* 599 U.S. 670 (No. 22-58) (challenging the Guidelines' consideration of extra-statutory factors in detention decisions).

In the opinion itself, the Court accepted the Government's position that "the Guidelines govern only decisions about apprehension and removal [and] whether to charge a non-citizen in the first place. . . . [T]he Guidelines *don't have anything to do with continued detention*." *Texas*, 599 U.S. at 683 n. 5 (quoting Tr. of Oral Arg. at 40, *Texas*, 599 U.S. 670 (No. 22-58) (emphasis added)). Indeed, the Government was steadfast throughout the *Texas* litigation that the Guidelines had no bearing on detention. *See* Brief for Petitioners at 4, *Texas,* 599 U.S. 670 (No. 22-58) ("[The Guidelines] do not provide guidance pertaining to detention and release determinations.");

Defendants' Post-Trial Memorandum of Law at 18, *Texas*, 606 F. Supp. 3d 437 (No. 6:21-cv-16) ("[The Guidelines do] not speak to questions of 'release' from detention.").

Despite the plaintiffs' protests to the contrary, the Supreme Court's position on the Guidelines' impact on detention is not ambiguous. The Court clearly accepted the Solicitor General's "represent[ation] that the . . . Guidelines do not affect continued detention of noncitizens already in federal custody." *Texas*, 599 U.S. at 683 n. 5. Taking the Supreme Court at its word, as this court must, the plaintiffs' claims must be dismissed.

\* \* \*

For the foregoing reasons, the court grants the defendants' motion to dismiss the third amended complaint for lack of standing. Dkt. 107. A final judgment will issue separately.

Signed on Galveston Island this 29th day of January, 2024.

_____
JEFFREY VINCENT BROWN
UNITED STATES DISTRICT JUDGE